*180 Taylor, J.
(concurring in part and dissenting in part). I agree with the majority’s recitation of the facts and its excellent analysis of why “hybrid legal impossibility” should not be recognized as a defense to a charge of attempt under MCL 750.92. Thus, I concur with parts i, n, m(A), and m(B) of the majority opinion.
However, I respectfully dissent from the majority’s analysis of the solicitation of third-degree criminal sexual conduct (csc-m) charge in part m(c). In my view, defendant may be charged with solicitation on the basis of the evidence that he solicited a person whom he believed to be a fourteen-year-old child to engage in an act of sexual penetration even though a child victim of such an act of csc-m would not be guilty of csc-m for “voluntarily” engaging in the act.
My difference with the majority is in its understanding of the solicitation statute, MCL 750.157b(3). That section provides in pertinent part:
[A] person who solicits another person to commit a felony, or who solicits another person to do or omit to do an act which if completed would constitute a felony, is punishable as follows: .... [Emphasis added.]
As to the first clause (“a person who solicits another person to commit a felony”), I agree with the majority that defendant cannot be considered to have asked “Bekka” to commit the felony of csc-m in violation of the solicitation statute because she cannot commit this felony by engaging in sex with an adult. If an adult and a child aged thirteen to fifteen engage in an act of “consensual” sexual penetration, only the *181 adult would be committing the crime of csc-m.[1] Thus, an adult who asks a fourteen-year-old child to engage in such an act cannot be considered to have asked the child to commit csc-m. That is, the solicitor has not breached the first clause in this section.
However, regarding the disjunctive clause that follows the first clause, i.e., “or who solicits another person to do or omit to do an act which if completed would constitute a felony,” this language is broader in scope than merely prohibiting a person from soliciting another person to commit a felony. I believe this language makes it unlawful to solicit another person to do an act that if the act were completed would be a felony. While this part of the statute surely is not as clear as it could be,[2] we must use statutory construction rules to give it meaning. A primary rule is that we should avoid making the second clause a nullity by giving it the same meaning as the first clause.[3] Using this tool, I conclude that the second clause means it is unlawful to solicit another person to join with the solicitor in doing an act that would constitute a fel *182 ony whether the solicited party could be guilty of the felony or not.
This all means that the first clause requires that the solicited act would be a felony for which the solicitee could be charged. The second clause encompasses situations where the solicitee could not be charged with the felony, but the solicitor could be. This construction of the statute gives viability to both clauses of the section at issue and is, thus, in my view, not only preferable, but required.
The gist of the majority opinion, with regard to the solicitation issue, is that the second phrase, i.e., “or who solicits another person to do or omit to do an act which if completed would constitute a felony,” is merely clarifying language to make clear that the Legislature did not intend to require that the solicitee actually complete the solicited felony in order for the solicitor to have violated the statute. That is, the majority states that the second clause was “intended to make clear that the solicited offense does not have to be completed.” Ante at 170. Yet, the majority seems to acknowledge that the first clause is also violated by a solicitation to commit a felony even if the felony is never actually completed. This, then, makes the second clause a nullity. It is that outcome that disciplined readers of statutes should avoid.
Also, the majority indicates that my interpretation is contrary to the plain language of the statute because “it is the act of ‘another person’ that must, if completed, ‘constitute a felony.’ ” Ante at 170. I disagree because the majority’s view on this point fails to give meaning to the words “if completed.” If, as the majority argues, the conduct of the solicitee in itself must constitute a felony, then the language of the sec *183 ond phrase has no different meaning than if it simply referred to “an act which . . . would constitute a felony.” The reason is that, if the statutory language read “or who solicits another person to do or omit to do an act which would constitute a felony,” then it might well be argued that the solicited person’s contemplated “act,” standing alone, must constitute a felony for the statute to be violated. However, the “if completed” language allows for the imposition of liability where completion of the solicited act by another person would necessarily constitute a felony.
I agree with the majority that the current language of the solicitation statute, MCL 750.157b, seems to be in large measure a reaction to this Court’s interpretation of the preceding statutory language at issue in People v Rehkopf, 422 Mich 198; 370 NW2d 296 (1985). However, that means only that the Legislature intended to include circumstances in which the solicited felony is never actually committed within the scope of the solicitation statute. Indeed, the language of the first clause proscribing a person from merely asking another person “to commit a felony” suffices, by its plain and unambiguous meaning, to accomplish that goal. That does not mean, however, that the Legislature might not have wanted to cover more situations inasmuch as it was acting to broaden the scope of the statute. Accordingly, the discussion of Rehkopf does not alter my view that, in keeping with the canon of construction against rendering statutory language nugatory or surplusage, the second clause must be taken as encompassing more than the first clause, standing alone, does.
Turning to the circumstances of the present case, there was evidence that defendant solicited “Bekka,” *184 believing “her” to be a fourteen-year-old child, to engage in an act of sexual penetration with him. In other words, defendant solicited “Bekka” to engage with him in an act of sexual penetration between an adult and a fourteen-year-old child. Thus, defendant solicited “Bekka” to do an act that, “if completed” by the participation of defendant, would constitute the felony of csc-m on defendant’s part. Accordingly, I conclude that such a solicitation falls within the range of conduct in the solicitation statute’s prohibition of soliciting another person “to do ... an act which if completed would constitute a felony.” MCL 750.157b(3).
Of course, I recognize that because “Bekka” was actually Deputy William Liczbinski, an adult, the solicited person could not actually have committed the act envisioned by defendant. However, that is immaterial. There is nothing in the language of the pertinent part of the solicitation statute, MCL 750.157b(3), that requires that it be possible for the solicited person to carry out the conduct that is solicited in order for the statute to be violated. Thus, consistent with the majority opinion’s rejection of the “legal impossibility” defense, I conclude that it is immaterial that the deputy could not have carried out the solicited act.
Accordingly, I agree with the majority’s treatment of the attempted distribution of obscene material to a minor charge. However, I would also reverse the Court of Appeals with regard to the solicitation of csc-m charge, and would remand to the circuit court for trial on that charge.

 The csc-m statute provides, in pertinent part, that “[a] person is guilty of [csc-iii] if the person engages in sexual penetration with another person and . . . [t]hat other person is at least 13 years of age and under 16 years of age.” MCL 750.520d(l)(a). As one would expect, this language is phrased so as to impose criminal liability on an adult who engages in sexual penetration with a child aged thirteen to fifteen without imposing liability on the child victim of the crime.

 Perhaps the Legislature will want to consider revising the solicitation statute to employ more straightforward language in place of the phrase “to do or omit to do an act which if completed would constitute a felony.”

 “It is a maxim of statutory construction that every word of a statute should be read in a way as to be given meaning, and a court should avoid a construction that would render any part of the statute surplusage or nugatory.” In re MCI Telecommunications, 460 Mich 396, 414; 596 NW2d 164 (1999); see also People v Warren, 462 Mich 415, 429, n 24; 615 NW2d 691 (2000) (no word of a statute should be treated as surplusage or rendered nugatory).